B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>**Northern District of Illinois, Eastern Division** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**DeClark, Gary K.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-0237** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**176 Orchard St.**<br>**Elmhurst, IL**<br><br>ZIP Code **60126** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

---

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

---

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10)

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br><br>**DeClark, Gary K.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)       (Date)</td>
</tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>   ☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>   ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>   ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>   ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>     _____<br>     (Name of landlord that obtained judgment)<br><br><br>     _____<br>     (Address of landlord)<br><br>☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐     Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(4/10)                                                                                                     Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**DeClark, Gary K.**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Gary K. DeClark**
Signature of Debtor  **Gary K. DeClark**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**June  6, 2011**
Date

### Signature of Attorney*

X **/s/ Michael J. Davis**
Signature of Attorney for Debtor(s)

**Michael J. Davis**
Printed Name of Attorney for Debtor(s)

**Springer, Brown, Covey, Gaertner & Davis, L.L.C.**
Firm Name

**400 S. County Farm Road**
**Suite 330**
**Wheaton, IL 60187**

Address

**630-510-0000  Fax: 630-510-0004**
Telephone Number

**June  6, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____
_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re   **Gary K. DeClark** _____   Case No. _____
                                                    Debtor(s)        Chapter      **11** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   __/s/ Gary K. DeClark_____

                       **Gary K. DeClark**

Date:   __June 6, 2011_____

Certificate Number: 01267-ILN-CC-015065716



01267-ILN-CC-015065716

# CERTIFICATE OF COUNSELING

I CERTIFY that on June 5, 2011, at 11:43 o'clock PM CDT, Gary DeClark received from Money Management International, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Northern District of Illinois, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date:    June 5, 2011                    By:    /s/Jesse Perez

                                         Name:  Jesse Perez

                                         Title: Counselor 1

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re    **Gary K. DeClark**                                  Case No. _____

                                         Debtor(s)                Chapter     **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

       Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or chapter 9*] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **AEL Financial**<br>**c/o Deborah Ashen**<br>**217 N. Jefferson #600**<br>**Chicago, IL 60661** | **AEL Financial**<br>**c/o Deborah Ashen**<br>**217 N. Jefferson #600**<br>**Chicago, IL 60661** | **Guaranty on Fiancing to Reiverdale Marina** | | **125,474.00** |
| **AJ Lavallie**<br>**The Advisors Group**<br>**One Lincoln Center #360**<br>**Villa Park, IL 60181** | **AJ Lavallie**<br>**The Advisors Group**<br>**One Lincoln Center #360**<br>**Villa Park, IL 60181** | **Busniess debt from Riverdale Marina** | | **160,000.00** |
| **Chase Bank**<br>**c/o Frederick J. Hann & Assoc**<br>**1427 Roswell Rd.**<br>**Marietta, GA 30062** | **Chase Bank**<br>**c/o Frederick J. Hann & Assoc**<br>**1427 Roswell Rd.**<br>**Marietta, GA 30062** | **Business debt** | **Disputed** | **24,340.00** |
| **CitiBusiness**<br>**PO 6235**<br>**Sioux Falls, SD 57117** | **CitiBusiness**<br>**PO 6235**<br>**Sioux Falls, SD 57117** | **Business debt** | **Disputed** | **46,405.00** |
| **Division Street Partners**<br>**John Tinnen, Graphic Converting Co**<br>**795 Larch St.**<br>**Elmhurst, IL 60126** | **Division Street Partners**<br>**John Tinnen, Graphic Converting Co**<br>**795 Larch St.**<br>**Elmhurst, IL 60126** | **Business debt from Riverdale Marina** | **Disputed** | **275,000.00** |
| **Great Lakes Bank**<br>**c/o William Smith**<br>**8102 119th St. #150**<br>**Palos Park, IL 60464** | **Great Lakes Bank**<br>**c/o William Smith**<br>**8102 119th St. #150**<br>**Palos Park, IL 60464** | **Personal Guaranty on Riverdale Marina** | **Disputed** | **53,572.00** |
| **Harris Bank**<br>**c/o Much Shelist**<br>**191 Wacker Dr., #1800**<br>**Chicago, IL 60606** | **Harris Bank**<br>**c/o Much Shelist**<br>**191 Wacker Dr., #1800**<br>**Chicago, IL 60606** | **Personal guranty on mortgage for Riverdale Marina** | **Disputed**<br>**Subject to Setoff** | **6,000,000.00** |
| **Harris Bank**<br>**c/o Much Shelist**<br>**191 Wacker Dr., #1800**<br>**Chicago, IL 60606** | **Harris Bank**<br>**c/o Much Shelist**<br>**191 Wacker Dr., #1800**<br>**Chicago, IL 60606** | **Personal Guaranty on investment in Mayfiled and Riverdale marina** | **Disputed**<br>**Subject to Setoff** | **1,271,337.00** |
| **Harris Bank**<br>**c/o Much Shelist**<br>**191 Wacker Dr., #1800**<br>**Chicago, IL 60606** | **Harris Bank**<br>**c/o Much Shelist**<br>**191 Wacker Dr., #1800**<br>**Chicago, IL 60606** | **Personal guranty on Riverdale Marina** | **Disputed**<br>**Subject to Setoff** | **900,000.00** |

B4 (Official Form 4) (12/07) - Cont.

In re    **Gary K. DeClark**                                                                    Case No. _____
_____
                        Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)

Name of creditor and complete mailing address including zip code | (2)

Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)

Nature of claim (trade debt, bank loan, government contract, etc.) | (4)

Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)

Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Ice Miller**
**200 W. Madison, St. 3500**
**Chicago, IL 60606** | **Ice Miller**
**200 W. Madison, St. 3500**
**Chicago, IL 60606** | **Legal fees** | **Disputed** | **80,670.00** |
| **Illinois Dept of Labor**
**100 W. Randolph 13-194**
**Chicago, IL 60601** | **Illinois Dept of Labor**
**100 W. Randolph 13-194**
**Chicago, IL 60601** | **Claim for wages** | **Disputed** | **26,768.00** |
| **KSP Acquisition**
**c/o Teller Levitt**
**11 E. Adams St., 8th Fl.**
**Chicago, IL 60603** | **KSP Acquisition**
**c/o Teller Levitt**
**11 E. Adams St., 8th Fl.**
**Chicago, IL 60603** | **Personal guaranty on financing to Riverdale Marina** | **Disputed** | **112,265.00** |
| **Metropolitan Bank**
**c/o Martin & Karczazes**
**161 N. Clark St., St. 550**
**Chicago, IL 60601** | **Metropolitan Bank**
**c/o Martin & Karczazes**
**161 N. Clark St., St. 550**
**Chicago, IL 60601** | **Funds borrowed for Riverdale Marina** | **Disputed** | **437,553.00** |
| **Northwestern Mutual**
**c/o David A Deegan**
**1 N Wacker Dr., St. 4600**
**Chicago, IL 60606** | **Northwestern Mutual**
**c/o David A Deegan**
**1 N Wacker Dr., St. 4600**
**Chicago, IL 60606** | **Northwestern Mutual Life Insurance Whole Life 10-988-899** | | **181,706.00**

**(13,888.00 secured)** |
| **Northwestern Mutual**
**c/o David A Deegan**
**1 N Wacker Dr., St. 4600**
**Chicago, IL 60606** | **Northwestern Mutual**
**c/o David A Deegan**
**1 N Wacker Dr., St. 4600**
**Chicago, IL 60606** | **Northwestern Mutual Life Insurance Whole Life 11-042-314** | | **44,960.00**

**(3,843.00 secured)** |
| **Northwestern Mutual**
**c/o David A Deegan**
**1 N Wacker Dr., St. 4600**
**Chicago, IL 60606** | **Northwestern Mutual**
**c/o David A Deegan**
**1 N Wacker Dr., St. 4600**
**Chicago, IL 60606** | **Northwestern Mutual Life Insurance Whole Life 12-271-869** | | **76,838.00**

**(4,522.00 secured)** |
| **Ozinga Bros.**
**c/o Ruff Weidenaar**
**222 N. LaSalle #700** | **Ozinga Bros.**
**c/o Ruff Weidenaar**
**222 N. LaSalle #700** | **Personal Guaranty on loan to Riverdale Marina** | **Disputed** | **425,762.00** |
| **Pinnacle Business Finance**
**c/o Riordan McKee**
**20 N. Wacker Dr., St. 910**
**Chicago, IL 60606** | **Pinnacle Business Finance**
**c/o Riordan McKee**
**20 N. Wacker Dr., St. 910**
**Chicago, IL 60606** | **Personal guaranty on fiancing to Reiverdale Marina** | **Disputed** | **53,887.00** |
| **Private Bank**
**70 W. Madison St.**
**Chicago, IL 60602** | **Private Bank**
**70 W. Madison St.**
**Chicago, IL 60602** | **176 Orchard St. Elmhurst, Ill.** | | **99,000.00
(750,000.00 secured)
(752,884.00 senior lien)** |
| **Time Payment Corp**
**c/o Markoff Krasney**
**29 N. Wacker Dr., #500**
**Chicago, IL 60606** | **Time Payment Corp**
**c/o Markoff Krasney**
**29 N. Wacker Dr., #500**
**Chicago, IL 60606** | **Personal Guaranty on loan to Riverdale Marina** | **Disputed** | **34,440.00** |

B4 (Official Form 4) (12/07) - Cont.

In re    **Gary K. DeClark**                                                    Case No. _____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, **Gary K. DeClark**, the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.


Date    **June  6, 2011**                          Signature    **/s/ Gary K. DeClark**
                                                                **Gary K. DeClark**
                                                                Debtor


*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re  **Gary K. DeClark**
Debtor

Case No. _____

Chapter _____ **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 930,000.00 | | |
| B - Personal Property | Yes | 5 | 528,503.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 1,677,218.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 10,035,473.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 15,475.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 7,321.00 |
| Total Number of Sheets of ALL Schedules | | 22 | | | |
| Total Assets | | | 1,458,503.00 | | |
| Total Liabilities | | | | 11,712,691.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re    **Gary K. DeClark**                             ,      Case No. _____

Debtor

Chapter _____ **11** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Gary K. DeClark**                                                    ,    Case No. _____

_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **176 Orchard St.**<br>**Elmhurst, Ill.** | **Tenants by the Entirety** | - | 750,000.00 | 851,884.00 |
| **12200 Sun Vista Court West**<br>**Treasure Island, Fla. 33706** | **Tenancy by the entirety** | J | 145,000.00 | 135,630.00 |
| **St Martin Timeshare**<br>**Caravancerrai Resort, St. Martin** | **Joint tenant** | J | 15,000.00 | 0.00 |
| **Celebrity Oaks Timeshare**<br>**Orlando, Fl.** | **Joint tenant** | J | 20,000.00 | 0.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 930,000.00 | (Total of this page) |
| Total > | 930,000.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Gary K. DeClark**                                              ,    Case No. _____

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **4 bedrooms, living room, dining room, kitchen, family room, 3 bathrooms, basement** | J | 1,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Personal clothing** | - | 250.00 |
| 7. Furs and jewelry. | | **Rolex Submariner Watch** | - | 5,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **40 year old drum set, 10 year old Vibraphone** | - | 500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **AIG Life Insurance Policy** | H | Unknown |
| | | **Northwestern Mutual Life Insurance Whole Life 11-042-314** | - | 3,843.00 |
| | | **Northwestern Mutual Life Insurance Whole Life 12-271-869** | - | 4,522.00 |
| | | **Northwestern Mutual Life Insurance Whole Life 10-988-899** | - | 13,888.00 |

Sub-Total >        29,503.00
(Total of this page)

__4__  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Gary K. DeClark**                                                                    Case No. _____
                                                                                    ,
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Northwestern Mutual Life Insurance Term Life Insurance**<br>**10-474-117**<br>**10-403-212**<br>**8-573-971** | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401K** | - | 250,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Riverdale Marina Inc.** | - | 0.00 |
| | | **Realty Consultants USA Inc.** | - | Unknown |
| | | **8862 shares of Integra Realty Resources Inc.** | - | 220,000.00 |
| | | **Integra Realty Resources - Milwaukee Inc.** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | **33 1/3 % owner Deek, Zeke & Auntie LP which owns 565 Enterprise Dr., Neenah, Wis. with a mortgage of M&I Bank in the amount of $254,000 with a value of $275,000** | J | 0.00 |
| | | **50% owner of 1338 West Rosedale LP, an Illinois LP, which owns 18.75% of 5485 S. Westridge Ct., New Berlin, Wi. with a mortgage held by M&I Bank in the amount of $1,000,000 with a value of $1,000,000** | - | 0.00 |
| | | **33 1/3 % owner of Westlake Center LLC, an Ill. LLC, which owns 560-566 West Lake St. with a value of $2.2 million and a mortgage owed to Associated Bank of $2.1 million** | - | 0.00 |
| | | **25% owner in 508 Race Partners LLC, an Ill LLC, which owns an office building at 508 Race, Urbana, Ill. with value of $800,000 and mortgage of $800,000** | - | 0.00 |

Sub-Total >        470,000.00
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     **Gary K. DeClark**                                                    ,     Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 50% owner in 300 West Main Street LLC, an Ill, LLC, which owns an office building at 300 W. Main St., Urbana, Ill. with value of $500,000 and mortgage of $380,000 | - | 0.00 |
| | | 50% owner in 2401 W. Bradley LLC, an Ill. LLC, which owns an office building at 2401 W. Bradley, Champaign, Ill. with value of $600,000 and mortgage of $510,000 | - | 0.00 |
| | | Owner of 16.67% in 801 Walnut Partners LLC, an Ill. LLC, owner of an office building at 801 N. Walnut, Champaign, Ill. with a value of $880,000 and a mortgage of $880,000 | - | 0.00 |
| | | Owner of 50% in D&L Investment Group LLC, an Ill. LLC which owned proposed industrial Building at 1952 W. Lake St., Chicago, Ill. which was transferred by deed in lieu July, 2010 | - | 0.00 |
| | | 25% owner in Riverdale Marina Partners LLC, an ILL. LLC which Owns Riverdale Marina, 13100 S. Halsted, Riverdale, Ill. with a value of $1.5 million and a mortgage of $6.9 million | - | 0.00 |
| | | Owner of 28.3% of 128 Investor Group LLC, an Ill. LLC, which owned an industrial building at 11643 S. Austin in Alsip, Ill. which was foreclosed on by Harris Bank in October, 2010. | - | 0.00 |
| | | 25% owner in The Mayfield Investor Group LLC, an Ill. LLC, which owned 11743 S. Mayfikled in Alsip, Ill. which was foreclosed by Harris Bank in October, 2010. | - | 0.00 |
| | | 100% owner and general partner of IRR/RCUSA Limited Partnership, owner of Integra Realty Resources Membership Services Agreement | - | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Sub-Total >          0.00
(Total of this page)

Sheet __2__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Gary K. DeClark**                                         ,     Case No. _____
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Illinois Real Estate Brokers License | - | 0.00 |
| | | Certified General Real Estate Appraisers License for Illinois, Wisconsin, Indiana, Georgia, Michigan, Iowa, Minnesota | - | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Chevrolet Corvette | - | 20,000.00 |
| | | 2003 Jeep Wrangler | - | 9,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Sub-Total >         **29,000.00**
(Total of this page)

Sheet  __3__  of  __4__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re      **Gary K. DeClark**                                                                    ,          Case No. _____
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total >      | 0.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total >      | 528,503.00 |

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re    **Gary K. DeClark**                                                                    ,    Case No. _____
                                                                  **Debtor**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☑ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property**<br>**176 Orchard St.**<br>**Elmhurst, Ill.** | **735 ILCS 5/12-901** | **0.00** | **750,000.00** |
| **Household Goods and Furnishings**<br>**4 bedrooms, living room, dining room, kitchen, family room, 3 bathrooms, basement** | **735 ILCS 5/12-1001(b)** | **3,000.00** | **3,000.00** |
| **Wearing Apparel**<br>**Personal clothing** | **735 ILCS 5/12-1001(a)** | **250.00** | **250.00** |
| **Interests in Insurance Policies**<br>**AIG Life Insurance Policy** | **215 ILCS 5/238** | **0.00** | **Unknown** |
| **Northwestern Mutual Life Insurance Whole Life 11-042-314** | **215 ILCS 5/238** | **0.00** | **3,843.00** |
| **Northwestern Mutual Life Insurance Whole Life 12-271-869** | **215 ILCS 5/238** | **0.00** | **4,522.00** |
| **Northwestern Mutual Life Insurance Whole Life 10-988-899** | **215 ILCS 5/238** | **0.00** | **13,888.00** |
| **Northwestern Mutual Life Insurance Term Life Insurance**<br>**10-474-117**<br>**10-403-212**<br>**8-573-971** | **215 ILCS 5/238** | **0.00** | **0.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans**<br>**401K** | **735 ILCS 5/12-704** | **250,000.00** | **250,000.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>**2003 Jeep Wrangler** | **735 ILCS 5/12-1001(c)**<br>**735 ILCS 5/12-1001(b)** | **2,400.00**<br>**1,000.00** | **9,000.00** |

| | Total: | **256,650.00** | **1,034,503.00** |
|---|---|---:|---:|

__0__   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re   **Gary K. DeClark**                                          Case No. _____
_____,
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **xxxxxx6652**<br><br>**Chase Home Finance**<br>**PO 9001871**<br>**Louisville, KY 40290** | | - | | **First Mortgage**<br><br>**176 Orchard St.**<br>**Elmhurst, Ill.**<br><br>Value $                **750,000.00** | | | | **253,840.00** | **0.00** |
| Account No.<br><br>**IRR Charlotte**<br>**c/o Fitzhugh Stout**<br>**214 W. Tremont, St. 200**<br>**Charlotte, NC 28203** | | - | | **Secured interest**<br><br>**8862 shares of Integra Realty Resources Inc.**<br><br>Value $                **220,000.00** | | | | **16,300.00** | **0.00** |
| Account No.<br><br>**IRR Cincinnati**<br>**Gary Wright**<br>**8241 Cornell rd., St. 210**<br>**Cincinnati, OH 45249** | | - | | **Secured interest**<br><br>**8862 shares of Integra Realty Resources Inc.**<br><br>Value $                **220,000.00** | | | | **16,300.00** | **0.00** |
| Account No.<br><br>**IRR Indianapolis**<br>**c/o Michael Lady**<br>**4981 N. Franklin Rd.**<br>**Indianapolis, IN 46226** | | - | | **Secured interest**<br><br>**8862 shares of Integra Realty Resources Inc.**<br><br>Value $                **220,000.00** | | | | **16,300.00** | **0.00** |

___**2**___ continuation sheets attached

Subtotal
(Total of this page)                          **302,740.00**          **0.00**

B6D (Official Form 6D) (12/07) - Cont.

In re __Gary K. DeClark_____,    Case No. _____
                                                    Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | Secured interest | | | | | |
| J. Walter Allen 700 Colonial Rd., St. 102 Memphis, TN 38117 | | | - | | 8862 shares of Integra Realty Resources Inc. | | | | | |
| | | | | | Value $          220,000.00 | | | | 16,300.00 | 0.00 |
| Account No. | | | | | Northwestern Mutual Life Insurance Whole Life 11-042-314 | | | | | |
| Northwestern Mutual c/o David A Deegan 1 N Wacker Dr., St. 4600 Chicago, IL 60606 | | | - | | | | | | | |
| | | | | | Value $            3,843.00 | | | | 44,960.00 | 41,117.00 |
| Account No. | | | | | Northwestern Mutual Life Insurance Whole Life 12-271-869 | | | | | |
| Northwestern Mutual c/o David A Deegan 1 N Wacker Dr., St. 4600 Chicago, IL 60606 | | | - | | | | | | | |
| | | | | | Value $            4,522.00 | | | | 76,838.00 | 72,316.00 |
| Account No. | | | | | Northwestern Mutual Life Insurance Whole Life 10-988-899 | | | | | |
| Northwestern Mutual c/o David A Deegan 1 N Wacker Dr., St. 4600 Chicago, IL 60606 | | | - | | | | | | | |
| | | | | | Value $          13,888.00 | | | | 181,706.00 | 167,818.00 |
| Account No. | | | | | Northwestern Life Insurance Policy | | | | | |
| Northwestern Mutual Life c/o David Degen 720 E. Wisconsin Ave. Milwaukee, WI 53202 | | | - | | | | | | | |
| | | | | | Value $          320,000.00 | | | | 321,000.00 | 1,000.00 |

Sheet __1___ of __2___ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 640,804.00 | 282,251.00 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re   **Gary K. DeClark**                                                          ,      Case No. _____
                                              Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx4520** <br><br>**Private Bank** <br>**70 W. Madison St.** <br>**Chicago, IL 60602** | - | | second Mortgage <br><br>**176 Orchard St.** <br>**Elmhurst, Ill.** <br><br> Value $         **750,000.00** | | | | **499,044.00** | **2,884.00** |
| Account No. **xxx6085** <br><br>**Private Bank** <br>**70 W. Madison St.** <br>**Chicago, IL 60602** | - | | **Third Mortgage** <br><br>**176 Orchard St.** <br>**Elmhurst, Ill.** <br><br> Value $         **750,000.00** | | | | **99,000.00** | **99,000.00** |
| Account No. <br><br>**Wells Fargo Home Mortgage** <br>**PO 5296** <br>**Carol Stream, IL 60197** | - | | **12200 Sun Vista Court West** <br>**Treasure Island, Fla. 33706** <br><br> Value $         **145,000.00** | | | | **135,630.00** | **0.00** |
| Account No. <br><br><br><br> | | | <br><br> Value $ | | | | | |
| Account No. <br><br><br><br> | | | <br><br> Value $ | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | | |
|---|---|---|
| Subtotal <br> (Total of this page) | **733,674.00** | **101,884.00** |
| Total <br> (Report on Summary of Schedules) | **1,677,218.00** | **384,135.00** |

B6E (Official Form 6E) (4/10)

In re    **Gary K. DeClark**
_____,    Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **Gary K. DeClark** _____,    Case No. _____

_____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | 2010 Estimated 941 taxes | | | | | |
| Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph Street Chicago, IL 60602 | - | | | | | | | | | Unknown |
| | | | | | | | | | Unknown | 0.00 |
| Account No. | | | | | Potential claim for 2010 941 taxes | | | | | |
| Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Street Chicago, IL 60604 | - | | | | | | | | | Unknown |
| | | | | | | | | | Unknown | 0.00 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 | |
|---|---|---|---|
| | | 0.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 0.00 | |
| | | 0.00 | 0.00 |

B6F (Official Form 6F) (12/07)

In re   **Gary K. DeClark**                                          ,   Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**AEL Financial<br>c/o Deborah Ashen<br>217 N. Jefferson #600<br>Chicago, IL 60661** | - | | **Guaranty on Fiancing to Reiverdale Marina** | | | | **125,474.00** |
| Account No.<br><br>**AJ Lavallie<br>The Advisors Group<br>One Lincoln Center #360<br>Villa Park, IL 60181** | - | | **Busniess debt from Riverdale Marina** | | | | **160,000.00** |
| Account No.<br><br>**Anchor Bank<br>18200 W. Capitol Dr.<br>Sr. 200<br>Brookfield, WI 53045** | - | | **Personal Guanranty on loan<br>   Subject to setoff.** | X | X | X | **Unknown** |
| Account No.<br><br>**Associated Bank<br>2870 Holmgren Way<br>Green Bay, WI 54304** | - | | **Personal Guaranty on mortgage with Westlake Partners LLC** | | | | **Unknown** |

|  |  |
|---|---|
| __4__ continuation sheets attached | Subtotal<br>(Total of this page)   **285,474.00** |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    S/N:33434-110406   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Gary K. DeClark** _____ ,   Case No. _____

                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxx-xxxx-xxxx-2041** | | | | Business debt | | | | |
| **Chase Bank** **c/o Frederick J. Hann & Assoc** **1427 Roswell Rd.** **Marietta, GA 30062** | - | | | | | | X | 24,340.00 |
| Account No. **xxxx-xxxx-xxxx-2972** | | | | Business debt | | | | |
| **CitiBusiness** **PO 6235** **Sioux Falls, SD 57117** | - | | | | | | X | 46,405.00 |
| Account No. | | | | Business debt from Riverdale Marina | | | | |
| **Division Street Partners** **John Tinnen, Graphic Converting Co** **795 Larch St.** **Elmhurst, IL 60126** | - | | | | | | X | 275,000.00 |
| Account No. | | | | Possible gaurantee on loan to Riverday Marina | | | | |
| **Gary Gray** **726 Forest Glen Lane** **Oak Brook, IL 60523** | - | | | | X | X | X | Unknown |
| Account No. | | | | Personal Guaranty on Riverdale Marina | | | | |
| **Great Lakes Bank** **c/o William Smith** **8102 119th St. #150** **Palos Park, IL 60464** | - | | | | | | X | 53,572.00 |

Sheet no. __1__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                              399,317.00

B6F (Official Form 6F) (12/07) - Cont.

In re **Gary K. DeClark** _____,  Case No. _____

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Harris Bank <br> c/o Much Shelist <br> 191 Wacker Dr., #1800 <br> Chicago, IL 60606 | - | | Personal guranty on mortgage for Riverdale Marina <br>     Subject to setoff. | | | X | 6,000,000.00 |
| Account No. <br><br> Harris Bank <br> c/o Much Shelist <br> 191 Wacker Dr., #1800 <br> Chicago, IL 60606 | - | | Personal guaranty on Riverdale Marina <br>     Subject to setoff. | | | X | 900,000.00 |
| Account No. <br><br> Harris Bank <br> c/o Much Shelist <br> 191 Wacker Dr., #1800 <br> Chicago, IL 60606 | - | | Personal Guaranty on investment in Mayfiled and Riverdale marina <br>     Subject to setoff. | | | X | 1,271,337.00 |
| Account No. <br><br> Horizon Bank <br> Chex Systems Coll. Agency <br> Dept. 9500 <br> Los Angeles, CA 90084 | - | | Possible amount owed for bank overdraft | X | X | X | Unknown |
| Account No. <br><br> Ice Miller <br> 200 W. Madison, St. 3500 <br> Chicago, IL 60606 | - | | Legal fees | | | X | 80,670.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

8,252,007.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Gary K. DeClark** _____ ,    Case No. _____

    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>**Illinois Dept of Labor**<br>**100 W. Randolph 13-194**<br>**Chicago, IL 60601** | - | | | **Claim for wages** | | | X | 26,768.00 |
| Account No.<br><br>**KSP Acquisition**<br>**c/o Teller Levitt**<br>**11 E. Adams St., 8th Fl.**<br>**Chicago, IL 60603** | - | | | **Personal guaranty on financing to Riverdale Marina** | | | X | 112,265.00 |
| Account No.<br><br>**Lake Forest Bank**<br>**727 North Bank lane**<br>**Lake Forest, IL 60045** | - | | | **Personal Guaranty of Mortgage held by 508 Race LLC, 300 W. Main St. LLC, 2401 W. Bradley LLC, 801 Walnut Properties LLC** | X | X | X | Unknown |
| Account No.<br><br>**M & I Bank**<br>**422 E. Mason St.**<br>**Milwaukee, WI 53202** | - | | | **Personal Guaranty on mortgage of Deek Zeek & Auntie LP**<br>   **Subject to setoff.** | X | X | X | Unknown |
| Account No.<br><br>**Metropolitan Bank**<br>**c/o Martin & Karcazes**<br>**161 N. Clark St., St. 550**<br>**Chicago, IL 60601** | - | | | **Funds borrowed for Riverdale Marina** | | | X | 437,553.00 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

576,586.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Gary K. DeClark**                                                                                     ,     Case No. _____
                                                   Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Personal Guaranty on loan to Riverdale Marina | | | | |
| Ozinga Bros. c/o Ruff Weidenaar 222 N. LaSalle #700 | - | | | | | X | |
| | | | | | | | 425,762.00 |
| Account No. | | | Personal guaranty on lease to Riverdale Marina | | | | |
| Pawnee Leasing c/o Kevin kelly 10 E. 22nd St., St. 216 Lombard, IL 60148 | - | | | | | X | |
| | | | | | | | 8,000.00 |
| Account No. | | | Personal guaranty on fiancing to Reiverdale Marina | | | | |
| Pinnacle Business Finance c/o Riordan McKee 20 N. Wacker Dr., St. 910 Chicago, IL 60606 | - | | | | | X | |
| | | | | | | | 53,887.00 |
| Account No. | | | | | | | |
| Realty Consultants USA Inc. 566 W. Lake St., St. 320 Chicago, IL 60661 | - | | | | | | |
| | | | | | | | 0.00 |
| Account No. | | | Personal Guaranty on loan to Riverdale Marina | | | | |
| Time Payment Corp c/o Markoff Krasney 29 N. Wacker Dr., #500 Chicago, IL 60606 | - | | | | | X | |
| | | | | | | | 34,440.00 |

Sheet no. __4__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                      522,089.00

Total
(Report on Summary of Schedules)                 10,035,473.00

B6G (Official Form 6G) (12/07)

.

In re    **Gary K. DeClark**                                                        ,    Case No. _____
                                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Gary K. DeClark**                                                                    ,    Case No. _____
                                          Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **2401 W. Bradley LLC** | **Lake Forest Bank**<br>**727 North Bank lane**<br>**Lake Forest, IL 60045** |
| **300 W. Main LLC** | **Lake Forest Bank**<br>**727 North Bank lane**<br>**Lake Forest, IL 60045** |
| **508 Race LLC** | **Lake Forest Bank**<br>**727 North Bank lane**<br>**Lake Forest, IL 60045** |
| **801 Walnut**<br>**James Wolf**<br>**33 North dearborn, St. 800**<br>**Chicago, IL 60602** | **Lake Forest Bank**<br>**727 N. Bank Lane**<br>**Lake Forest, IL 60045** |
| **Deke, Zeek & Auntie LLC** | **M & I Bank**<br>**422 E. Mason St.**<br>**Milwaukee, WI 53202** |
| **Realty Consultants USA Inc.**<br>**566 W. Lake St., St. 320**<br>**Chicago, IL 60661** | **MB Financial**<br>**800 W. Madison St.**<br>**Chicago, IL 60607** |
| **Rosedale LP** | **Anchor Bank**<br>**18200 W. Capitol Dr.**<br>**Sr. 200**<br>**Brookfield, WI 53045** |
| **Westlake Partners** | **Associated Bank**<br>**2870 Holmgren Way**<br>**Green Bay, WI 54304** |

**0**
____ continuation sheets attached to Schedule of Codebtors

**B6I (Official Form 6I) (12/07)**

In re    **Gary K. DeClark**                                     Case No. _____
                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** | AGE(S): **25** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **President** | |
| Name of Employer | **Realty Consultants USA** | |
| How long employed | **21 years** | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **11,000.00** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **11,000.00** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **3,025.00** | $ | **N/A** |
| b. Insurance | $ | **500.00** | $ | **N/A** |
| c. Union dues | $ | **0.00** | $ | **N/A** |
| d. Other (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **3,525.00** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **7,475.00** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **0.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income (Specify): **Subchapter S Corp Dividend** | $ | **8,000.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **8,000.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **15,475.00** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | **15,475.00** | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re   **Gary K. DeClark**_____      Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,641.00 |
|    a. Are real estate taxes included?  Yes ___ No **X** | | |
|    b. Is property insurance included?  Yes ___ No **X** | | |
| 2. Utilities:  a. Electricity and heating fuel | $ | 300.00 |
|     b. Water and sewer | $ | 60.00 |
|     c. Telephone | $ | 0.00 |
|     d. Other **Comcast** | $ | 250.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 150.00 |
| 4. Food | $ | 700.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 150.00 |
| 8. Transportation (not including car payments) | $ | 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 150.00 |
| 10. Charitable contributions | $ | 800.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 100.00 |
|     b. Life | $ | 1,000.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 50.00 |
|     e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify)  **See Detailed Expense Attachment** | $ | 1,320.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other | $ | 0.00 |
|     c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
|     Other | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)       $       7,321.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 15,475.00 |
| b.   Average monthly expenses from Line 18 above | $ | 7,321.00 |
| c.   Monthly net income (a. minus b.) | $ | 8,154.00 |

**B6J (Official Form 6J) (12/07)**

In re **Gary K. DeClark**                                                          Case No. _____

                                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Specific Tax Expenditures:**

| | | |
|---|---|---:|
| **Property Taxes fro Elmhurst** | $ | **1,200.00** |
| **Property Taxes for Florida** | $ | **120.00** |
| **Total Tax Expenditures** | $ | **1,320.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   **Gary K. DeClark**                                                Case No.
                                         Debtor(s)           Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**24**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **June  6, 2011**                         Signature   **/s/ Gary K. DeClark**
                                                              **Gary K. DeClark**
                                                              Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re  **Gary K. DeClark** _____  Case No. _____

Debtor(s)  Chapter  **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **50,000.00** |
| Prior to the filing of this statement I have received | $ | **15,000.00** |
| Balance Due | $ | **35,000.00** |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor    ■ Other (specify):    **Wife of the Debtor**

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **June  6, 2011** _____    **/s/ Michael J. Davis** _____

**Michael J. Davis**
**Springer, Brown, Covey, Gaertner & Davis, L.L.C.**
**400 S. County Farm Road**
**Suite 330**
**Wheaton, IL 60187**
**630-510-0000  Fax: 630-510-0004**

---

Gary DeClark
566 W. Lake St., St. 320
Chicago, Ill  60661

Re: Legal Services Agreement and Engagement Letter re Filing of bankruptcyk.

Please accept this letter as it sets forth the basic terms and conditions upon which Springer, Brown, Covey, Gaertner & Davis, LLC ("SPRINGER BROWN") will perform legal services for you (the "Clients") in the above referenced matter (the "Engagement").

This letter shall (1) confirm that the Client has retained SPRINGER BROWN, (2) confirm the scope of the Engagement, and (3) describe the basis upon which SPRINGER BROWN will bill for its services.  If the Client has established billing protocols for its professionals, please forward them and SPRINGER BROWN will make every effort to conform to them.

Scope of Representation

The Client has asked SPRINGER BROWN to assist in representing them in:

Determination of Fees and Expenses

Legal work varies greatly.  Although we are often engaged by our clients to perform specific and limited tasks, our primary role as legal advisors is to offer our knowledge, experience and independent judgment.  Recognizing this, our focus in charging for services is to arrive at a fee, which is fair and appropriate considering all of the circumstances.

Legal services provided by attorneys are fee for service arrangements generally involving the payment of a retainer fee to the attorney.  In this matter, the Client, through its principals, authorized agents or assigns, if applicable, has agreed to retain SPRINGER BROWN with a security retainer of $15000.00 (the "retainer") for services rendered as delineated above and $1099 for the filing fee.  The retainer will be deposited in the SPRINGER BROWN Retainer Account.  As work is performed or fees incurred, they shall be debited from the retainer and transferred to our general account. If the initial retainer should become exhausted, then we shall require an additional retainer in an amount to be determined, as necessary, for which we will notify you in writing.

SPRINGER BROWN proposes to charge the Client on an hourly basis by multiplying the rates for our time by the number of hours expended on the matter.  Our standard rate for each Attorney Member in the firm is $350 per hour.  Associate Attorneys are billed at the standard rate of $285 per hour.  Each Attorney in the law firm is duly licensed and authorized to

practice law in the State of Illinois and United States District Court for the Northern District of Illinois. Non-attorney support staff time although expended, will NOT be billed out without prior approval by the Client, and will be billed at the rate of bill $125 per hour. All legal services will be performed under the supervision of the owning member attorneys of the law firm.

SPRINGER BROWN operates as an integrated unit. A client who calls upon a particular lawyer in fact retains the entire firm and has at its disposal all of the expertise and resources that the firm has to offer. Therefore, the lawyer who serves as one's principal contact at the firm may assign the work to another lawyer who has experience in the particular area involved or who is in a better position to perform the legal work most efficiently. In assigning work within the firm, SPRINGER BROWN strives to achieve the most efficient mix of seniority and expertise, with the goal of providing effective representation to our clients economically.

SPRINGER BROWN cannot quote a specific flat or final fee for services in this matter because we cannot control or predict the nature or extent of the services that may have to be provided. However, please be assured that we are sensitive to your needs, and that we will do our best at all times to minimize fess and expenses to the extent possible consistent with the furnishings of effective legal services.

In addition to our fees for services, we also bill our clients for out-of-pocket expenses incurred on their behalf. Reimbursable out-of-pocket expenses include the following: filing fees, computerized legal research fees, electronic access and filing fees, photocopying expenses, long distance telephone toll charges, telecopy charges, necessary travel expenses, and so forth. Please be advised of our firm policy that clients are required to advance or pay directly any disbursements in excess of $300.

Client grants to Springer Brown a security interest in any retainer paid in trust to Law Firm. Client promises to execute all documents and take any action reasonably required to perfect and enforce such lien. **THIS PROVISION CREATES A CHARGING LIEN IN FAVOR OF LAW FIRM AS SECURITY FOR ITS FEES.** In the event of a dispute between Law Firm and Client, this lien could significantly impair Client's interest by delaying payment of funds owing to Client until the dispute can be resolved. Funds deposited in Law Firm's Retainer Account for the benefit of Client, including retainers, will not bear interest. Client may request in writing that an interest bearing account be established, providing Client's social security number or tax identification number for reporting purposes.

Termination

The Client may terminate our engagement as counsel at any time for any reason. SPRINGER BROWN may withdraw as the Client's legal counsel or from our representation of the Client in any particular matter for good cause, which includes the Client's failure to perform their obligations described in this letter, failure to timely make payment for services rendered and expenses advanced, refusal to cooperate with us or to follow our advice on a material matter, or any other fact or circumstances that would render our continuing representation

2

unlawful or unethical. If and when our services to the Client conclude, all unpaid fees and costs will be immediately due and payable.

## Duties

Effective legal representation requires a high level of cooperation between attorney and client. Therefore, by executing this letter, the Client agrees to cooperate with us, keep us fully and truthfully informed of all developments, and to abide by this letter. In turn, we are agreeing to provide those legal services reasonably required to represent the Client with respect to the matters described above and to take reasonable steps to keep the Client informed of our progress and to respond to the Client's inquiries. Of course, we cannot make any promises or guarantees about the outcome of the matters as to which the Client has engaged us, and nothing in this letter or in our statements should be so construed. When we provide our opinion as to the probable outcome of any matter, it is with the understanding that our opinion is just that, and not a promise or guarantee.

We encourage our clients to participate actively in the matters we are handling for them, as they are much closer to the details and effects of their affairs than we are and we wish to be certain that our efforts converge with our clients' goal. If at any time you should have a concern, or if we may be of service in another substantive area, we would ask that you raise it with us at once so that we can address your need without delay.

## Electronic Communications

Our clients and our law firm increasingly rely upon electronic communication such as e-mail, text-messaging, cellular telephones and electronic faxes (collectively, "**Electronic Communications**"). By engaging us, absent the Client's specific instructions to the contrary, you authorize us to use Electronic Communications. Because of their nature, Electronic Communications are not as secure as more traditional lines of communications, such as hard-wired telephones and telephonic faxes, U.S. Mail or couriers. The Client understands that some risk exists that any and all Electronic Communications could be intercepted by an unauthorized third party, and the Client hereby accepts the risk. With respect to the use of Electronic Communications for matters of particular sensitivity or for information that could be compromising or damaging to the Client, the Client acknowledges that each contact person with whom we are or will be directly working, including SPRINGER BROWN, has the authority to consent specifically to the use of Electronic Communications for such matters. We shall also consider communications from the Client by Electronic Communications as specific consent to respond by Electronic Communications. *If the Client does not wish to use Electronic Communications for any particular matter or matters, you will so advise us in writing, or will so advise us orally and confirm the instruction promptly in writing.*

## Other Clients/Conflicts of Interest

As a specialty boutique law firm, it is common for SPRINGER BROWN to be engaged to represent more than one party in a significant bankruptcy or work-out / debt reorganization case. We do not believe that a conflict of interest is raised if we represent more than one party

in a Bankruptcy case, as long as all of our clients are adverse to the debtor. We currently have reviewed the case and as of the date of this legal engagement letter, SPRINGER BROWN does not represent any parties adverse to the Clients. However, as is usually the case in any bankruptcy proceeding, the existence of other, non-listed or otherwise unknown parties may give rise to multiple representation by SPRINGER BROWN. In fact, we often find that our clients generally benefit from the economics of scale that arise when fees and costs can be spread among a number of different parties. Therefore, the Clients should be aware that we may in the future be contacted to represent other creditors or non-Debtor parties in interest of the above referenced and related Bankruptcy proceeding. Of course, we will do our standard check to assure that no new client raises an adverse and/or conflict issue and we will notify you promptly if we become aware of a potential or a pre-existing conflict. However, if we do not perceive a conflict of interest, we may accept other clients without seeking the Client's approval. In the unlikely event that the Clients decide to take a position adverse to that of another one of our clients in this case (a possibility we do not foresee at this time) then we will not be able to represent the Client in that dispute.

If the foregoing terms upon which we propose to be engaged and the nature of the engagement are acceptable, please sign (or please have a duly authorized representative of the Clients sign) and return to me the enclosed copy of this letter. Thank you.

Sincerely,
SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC
By:

Attorney Member of Firm

Accepted and agreed to by:

By: _____ Date: 6/3/11

4

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re    **Gary K. DeClark** _____    Case No. _____
_____    Chapter    **11** _____
                                    Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Gary K. DeClark** _____         X  **/s/ Gary K. DeClark**              **June  6, 2011**
Printed Name(s) of Debtor(s)                          Signature of Debtor              Date

Case No. (if known) _____         X _____
                                                     Signature of Joint Debtor (if any)      Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   **Gary K. DeClark** _____   Case No. _____
                                              Debtor(s)         Chapter   **11** _____

# VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **40**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **June  6, 2011** _____   **/s/ Gary K. DeClark** _____
                                                     **Gary K. DeClark**
                                                     Signature of Debtor

.

2401 W. Bradley LLC


300 W. Main LLC


508 Race LLC


801 Walnut
James Wolf
33 North dearborn, St. 800
Chicago, IL 60602


AEL Financial
c/o Deborah Ashen
217 N. Jefferson #600
Chicago, IL 60661


AJ Lavallie
The Advisors Group
One Lincoln Center #360
Villa Park, IL 60181


Anchor Bank
18200 W. Capitol Dr.
Sr. 200
Brookfield, WI 53045


Associated Bank
2870 Holmgren Way
Green Bay, WI 54304


Chase Bank
c/o Frederick J. Hann & Assoc
1427 Roswell Rd.
Marietta, GA 30062


Chase Home Finance
PO 9001871
Louisville, KY 40290


CitiBusiness
PO 6235
Sioux Falls, SD 57117

Deke, Zeek & Auntie LLC


Division Street Partners
John Tinnen, Graphic Converting Co
795 Larch St.
Elmhurst, IL 60126


Gary Gray
726 Forest Glen Lane
Oak Brook, IL 60523


Great Lakes Bank
c/o William Smith
8102 119th St. #150
Palos Park, IL 60464


Harris Bank
c/o Much Shelist
191 Wacker Dr., #1800
Chicago, IL 60606


Horizon Bank
Chex Systems Coll. Agency
Dept. 9500
Los Angeles, CA 90084


Ice Miller
200 W. Madison, St. 3500
Chicago, IL 60606


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60602


Illinois Dept of Labor
100 W. Randolph 13-194
Chicago, IL 60601


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

IRR Charlotte
c/o Fitzhugh Stout
214 W. Tremont, St. 200
Charlotte, NC 28203


IRR Cincinnati
Gary Wright
8241 Cornell rd., St. 210
Cincinnati, OH 45249


IRR Indianapolis
c/o Michael Lady
4981 N. Franklin Rd.
Indianapolis, IN 46226


J. Walter Allen
700 Colonial Rd., St. 102
Memphis, TN 38117


KSP Acquisition
c/o Teller Levitt
11 E. Adams St., 8th Fl.
Chicago, IL 60603


Lake Forest Bank
727 North Bank lane
Lake Forest, IL 60045


M & I Bank
422 E. Mason St.
Milwaukee, WI 53202


Metropolitan Bank
c/o Martin & Karcazes
161 N. Clark St., St. 550
Chicago, IL 60601


Northwestern Mutual
c/o David A Deegan
1 N Wacker Dr., St. 4600
Chicago, IL 60606


Northwestern Mutual Life
c/o David Degen
720 E. Wisconsin Ave.
Milwaukee, WI 53202

Ozinga Bros.
c/o Ruff Weidenaar
222 N. LaSalle #700


Pawnee Leasing
c/o Kevin kelly
10 E. 22nd St., St. 216
Lombard, IL 60148


Pinnacle Business Finance
c/o Riordan McKee
20 N. Wacker Dr., St. 910
Chicago, IL 60606


Private Bank
70 W. Madison St.
Chicago, IL 60602


Realty Consultants USA Inc.
566 W. Lake St., St. 320
Chicago, IL 60661


Rosedale LP


Time Payment Corp
c/o Markoff Krasney
29 N. Wacker Dr., #500
Chicago, IL 60606


Wells Fargo Home Mortgage
PO 5296
Carol Stream, IL 60197


Westlake Partners